IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ERICK FRANCISCO NUNEZ TAVAREZ, )<br>)<br>Plaintiff,[1] )<br>)<br>v. )<br>)<br>GEORGIA DEPARTMENT OF )<br>CORRECTIONS; SMITH STATE PRISON; )<br>ASHLEY KENNEDY; KEENAN CARVER; )<br>CURTIS TODD; WILLESHA WARREN; )<br>RODNEY FOULKS; TYRONE OLIVER; )<br>CHARLES MIMS; and JACOB BEASLEY, )<br>)<br>Defendants.[2] ) | CV 625-086 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and has paid the $405.00 filing fee. However, notwithstanding any filing fee, the complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

---

[1] The Court **DIRECTS** the **CLERK** to update the spelling of Plaintiff's first name on the docket in accordance with the above caption, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 1.)

[2] The Court **DIRECTS** the **CLERK** to update the spelling of Defendant Foulk's name on the docket in accordance with the above caption, which is consistent with Plaintiff's complaint. (Doc. no. 1, p. 4.)

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Georgia Department of Corrections, (2) Smith State Prison, (3) Ashley Kennedy, (4) Kennan Carver, (5) Curtis Todd, (6) Willesha Warren, (7) Rodney Foulks, (8) Tyrone Oliver, (9) Charles Mims, and (10) Jacob Beasley. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 29, 2025, Plaintiff was placed in "solitary/limited confinement" for alleged disciplinary reasons. (Id. at 5.) However, he was never served with a disciplinary report within twenty-four hours of the incident in violation of Georgia Department of Corrections policy. (Id.) On June 17, 2025, Plaintiff brought this issue to Defendant Carver's attention while Defendant Carver was performing his routine rounds. (Id.) Defendant Carver responded to Plaintiff's concerns by threatening him, stating "if you want to go hollering about fucking policy I will make sure your ass stays back here until [I] become the Commissioner of Georgia!" (Id.) Plaintiff did not respond to this threat. (Id.)

That same night, a suspected brown recluse spider in Plaintiff's cell bit Plaintiff on the face, causing his face to swell and turn red. (Id.) Plaintiff then experienced shortness of breath and extreme fatigue. (Id.) Plaintiff attempted to alert staff to this medical concern by frantically banging on his cell door, but nothing was done to help him until "almost a whole week later." (Id.) Then, on June 26, 2025, "prosecutorial staff" came to Plaintiff's cell to perform disciplinary report court and ultimately found Plaintiff guilty. (Id.) Plaintiff still had not yet been served with a disciplinary report. (Id.) After Plaintiff complained about the lack of due process, the "officer" dismissed Plaintiff's comment and told him, "file an appeal sir,

this is above my pay grade." (Id.) Thereafter, on July 14, 2025, Plaintiff was forcibly removed to the Tier 2 Program even though he does not meet the criteria for admission. (Id.)

Plaintiff seeks injunctive and monetary relief. (Id. at 6.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it

3

"tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants Georgia Department of Corrections, Smith State Prison, Ashley Kennedy, Curtis Todd, Willesha Warren, Rodney Foulks, Tyrone Oliver, Charles Mims, and Jacob Beasley

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names these nine Defendants in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any allegations associating these Defendants with any purported constitutional violations. (See generally doc. no. 1.) Dismissal of these nine Defendants is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Furthermore, Plaintiff's claim against Defendant Georgia Department of Corrections also fails because this Defendant is not subject to liability in a § 1983 suit. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Arms or agencies of the state are also immune from suit. Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDOC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent."). Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant Georgia Department of Correction is an agency of the state, it should both be dismissed from this case.

Moreover, Plaintiff also fails to state a claim against Defendant Smith State Prison because prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not an entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons"

who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Accordingly, Plaintiff also fails to state a claim against Defendant Smith State Prison for this reason, and thus this Defendant should be dismissed.

Additionally, to the extent Plaintiff names Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley because of their supervisory positions, he fails to state a claim against them. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold these seven Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional

6

violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely provides Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley's titles when naming these individuals as defendants. (Doc. no. 1, p. 4.) However, he does not allege any of these seven Defendants participated in any alleged violations. Therefore, Plaintiff must allege a causal connection between Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley and the asserted constitutional violations in order to hold the defendants liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley liable. Plaintiff has not alleged (1) a history

of widespread abuse regarding improper treatment of inmates at Smith State Prison, (2) an improper custom or policy put in place by these seven Defendants regarding treatment of inmates, or (3) an inference these seven Defendants directed prison employees to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff does not mention Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley in his statement of the claim. In sum, Plaintiff has not shown Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants Kennedy, Todd, Warren, Foulks, Oliver, Mims, and Beasley for this reason as well.

### 3.     Plaintiff Fails to State a Claim Against Defendant Carver

The only defendant who Plaintiff references by name in his statement of claim is Defendant Carver, as Plaintiff alleges Defendant Carver threatened him after Plaintiff brought his concerns about his placement in solitary confinement to Defendant Carver's attention. (Doc. no. 1, p. 5.) This bare allegation is entirely insufficient to associate Defendant Carver's conduct with a constitutional violation, see Douglas, 535 F.3d at 1321-22. Even if Plaintiff had alleged acts or omission by Defendant Carver that caused or contributed to his placement and stay in solitary confinement, Plaintiff still fails to state a claim upon which relief may be granted against Defendant Carver for the reasons described below.

#### a.     Plaintiff Fails to State a Due Process Claim

Plaintiff claims his due process rights were violated after he was forced to stay in "solitary/limited confinement," and later, the Tier 2 program, for purported disciplinary reasons. (Doc. no. 1, p. 5.) However, he fails to state a claim claim upon which relief can be

8

granted because, as explained below, he has not alleged a protected liberty interest was implicated by being housed in these placements.

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison). However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation: the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). As Plaintiff has not alleged placement in solitary confinement or on the "Tier 2 Program" will extend his length of incarceration, the Court turns to the "atypical and significant hardship" prong.

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), *modified on other grounds*, Sandin, 515 U.S. at 481)); see also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)). Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), *adopted by* 2017 WL 343638 (M.D. Ga. Jan. 23, 2017). To meet this pleading requirement,

9

Plaintiff "must state or allege facts to show an 'atypical and significant hardship.'"  Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015).  Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief.  See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5.

Plaintiff fails to allege sufficient facts that show placement in either solitary confinement or the Tier 2 Program "imposes atypical and significant hardship" compared to other inmates at Smith State Prison placed in the general population.  First, although he alleges he was bitten by a suspected brown recluse spider in solitary confinement, he does not otherwise describe the conditions of his cell, much less how they present an atypical and significant hardship.  (See generally doc. no. 1.)  Moreover, he fails to provide any facts regarding the conditions in the general population.  See Hill, 2016 WL 7972197, at *5 (finding a prisoner's allegations of "harsh living conditions," without a description of the general population's living conditions, insufficient to make a plausible claim for relief as plaintiff's allegations were "typical of segregated confinement.").  Additionally, Plaintiff does not describe the "Tier 2 Program," much less how the program imposes conditions any different from general population.  Accordingly, Plaintiff fails to state a due process claim for being placed in solitary confinement and on the Tier 2 program.

    **b. Plaintiff Fails to State a Claim Based on Violation of Prison Policy**

Plaintiff contends "staff" violated Georgia Department of Corrections policy after Plaintiff was not served with a disciplinary report within twenty-four hours of the alleged disciplinary incident and then kept him confined in solitary confinement.  (Doc. no. 1, p. 5.)

However, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. 481-82 (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews, 506 F. App'x at 984 (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. Act. No. 11-0377, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation of a prison policy regarding disciplinary reports.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA